UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY L. JOHNSON,

    Plaintiff,

v.                              CASE NO. 8:04-CV-1750-T-17MAP

SWITCH AND DATA MANAGEMENT
COMPANY, LLC,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on the Defendant's motion to tax costs (doc. 31). Because the Defendant did not first file a bill of costs with the Clerk as required, its motion is denied without prejudice.

Despite the fact that 28 U.S.C. § 1920 allows the Court or the Clerk to tax costs, Fed. R. Civ. P. 54(d)(1) makes plain the Clerk taxes initially.[1]  Commentators have observed "[t]he

---

[1] Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d)(1), on the other hand, states:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . . Such costs may be taxed *by the clerk* on one day's notice. On motion served within five days

function of the court [pursuant to Rule 54(d)(1)] in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2679 (3d ed. 1998); *accord Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997) (the clerk taxes the costs). A "motion to tax costs" runs counter to Rule 54(d)(1), insofar as a "motion" is "[a]n application *to the court* for an order." FED. R. CIV. P. 7(b) (emphasis added). Admittedly, Local Rule 4.18, supports the filing of a motion ("all claims for costs or attorney's fees ... shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment"). Regardless, because Local Rule 4.18 conflicts with Rule 54, Rule 54 controls. *See* Fed. R. Civ. P. 83(a)(1) (Local Rules are to be consistent Federal Rules of Civil Procedure).

This means that the proper procedure is for the Defendant, as the prevailing party, to file a verified bill of costs with the Clerk (such a form is available on this district's website). Within the admittedly short time provided by Rule 54(d)(1) (i.e., five days after the clerk taxes costs), the Plaintiff may object and seek judicial review. *See, e.g.*, *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F.Supp. 906, 911 (M.D. Fla. 1989), *aff'd mem.,* 914 F.2d 267 (11th Cir. 1990).

For these reasons, it is

ORDERED:

1. The Defendant's motion to tax costs (doc. 31) is DENIED without prejudice.

---

thereafter, *the action of the clerk* may be reviewed by the court.

2. The Defendant may re-file the bill of costs attached to its motion to tax costs within five days of this order as outlined above.

3. Upon action by the Clerk on the bill, the parties may object and seek further relief within the period referenced in Rule 54(d)(1) and as discussed in this order.

DONE AND ORDERED in chambers at Tampa, Florida on November 30, 2005.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE